Ebert *v.* Johns, Appellant.

206    395
206    ²516
206    395
218    383

*Contract—Estoppel—Assumption of debts of another—Receipt—Accord and satisfaction.*

Where a creditor gives to his debtor a receipt in full for an amount stated which in fact was only a portion of the real claim, and the debtor uses the receipt as a basis for selling his entire stock of goods to a third person, who relying upon the receipt publishes a notice that he has assumed all of the debts of the debtor, the creditor is estopped by reason of the receipt from making any claim against the purchaser of the goods; and it is immaterial that as between the parties to the receipt there was no accord and satisfaction.

The rule that payment of a smaller sum is not a good accord and satisfaction for a larger one applies only between debtor and creditor, and not to third parties.

Argued March 2, 1903. Appeal, No. 18, Jan. T., 1903, by defendants, from judgment of C. P. Adams Co., Jan. T., 1901, No. 71, on verdict for plaintiff in case of Augustus H. Ebert, trading as B. Ebert & Sons, v. S. L. Johns and Harry N. Gitt, trading as the L. M. Alleman Hardware Company. Before MITCHELL, DEAN, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Assumpsit to collect a debt of another alleged to have been assumed by defendants. Before SWOPE, P. J.

The facts appear by the opinion of the Supreme Court, and by the report of Sargent v. Johns, *ante,* p. 386.

Verdict and judgment for plaintiff for $6,701.70. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendants.

*Robert Snodgrass* and *William McSherry,* with them *W. C. Sheely,* for appellants.—Plaintiffs were estopped by their receipt : Robertson v. Hay, 91 Pa. 242 ; Penna. R. R. Co. v. Shay, 82 Pa. 198.

*William Hersh,* with him *William* and *William Arch McClean,* and *F. J. Nelson,* for appellees.

OPINION BY MR. JUSTICE MITCHELL, June 2, 1903:

This case grows out of the same transaction as that of Sargent et al. v. Johns, ante, p. 386, and most of the questions involved have been discussed and determined in that case. But there is one important feature in which there is a wide difference. In the former case there were two grounds on which the jury were entitled to find the liability of defendants, first that they had in fact assumed the payment of Sargent's claim, and secondly that they had legally assumed it by estoppel after the publication of notice to Alleman's creditors and the latter's change of position in reliance upon it. Neither of these grounds exists in the present case. There is no evidence on which the jury could find that the defendants assumed in fact or intended to assume the payment of Ebert's claim as a part of the consideration in the purchase of Alleman's stock. The whole body of the evidence is to the contrary.

Nor does the publication of the notice in the Gettysburg Compiler to the creditors of Alleman, even conceding as the jury have found that it was by authority of defendants, raise any estoppel in favor of the plaintiff, as a review of the facts will show. Alleman was indebted to many parties, including Ebert, and the latter was pressing for his money. Alleman being unable to pay proposed to sell out to Ebert, but after some negotiation this plan fell through and Alleman then endeavored to obtain a loan from defendants. The latter required a statement of his financial condition and finally agreed to buy his stock if the bulk of his debts, as shown by a prepared list, could be paid or settled. To facilitate this arrangement Ebert signed a paper containing a list of Alleman's creditors, with the amount of their claims on which Ebert receipted for $5,000 "in full satisfaction and payment of all sums of money due us by said Alleman on book account, for money loaned, notes, or in any other way or matter whatsoever.

" I also acknowledge that the aforesaid payment to us made includes the payment of the following bills of goods purchased by said Alleman or by me for said Alleman, and I hereby expressly agree to assume said bills and to pay the same to the holders thereof. . . .

" I also acknowledge that the aforesaid payment includes

the payment by said Alleman of all notes given by said Alleman to us, whether the same have been discounted by us or not, and I hereby expressly agree to take up all of said notes and to deliver the same to said Alleman." In explanation of the inclusion of other creditors it was shown that Ebert was not only a creditor of Alleman for goods sold to him directly, but was also liable to other dealers from whom he had purchased goods for Alleman on the pledge of his own credit.

Armed with this paper, Alleman procured the defendants to purchase his stock and paid over to Ebert $5,000 of the purchase money. This money he got from defendants on the faith of that paper, by which they were led to believe that Ebert's debt was settled and the other claims on the list assumed by him. When, therefore, defendants published the notice to Alleman's creditors they had a right to rely on Ebert's representation that he was no longer a creditor, and he was estopped from setting up any claim against defendants. Sargent & Company and the other creditors who were in ignorance of this arrangement and no parties to it even if they had known of it, were entitled as already discussed in that case, to rely on the notice and as to them defendants were estopped from denying their liability. But no such estoppel arose in favor of Ebert, for he had previously estopped himself by the receipt, signed for the purpose of inducing defendants to advance money either as loan or purchase, and the purchase by defendants on the faith of that receipt.

The learned judge below in a general way took this view, but left it to the jury always with the qualification "provided the jury find that in the purchase of the store, by agreement between defendant company and Alleman, the defendant company did not assume the payment of the plaintiff's claim." But there was no evidence on which the jury could be permitted to so find. The execution of the paper by plaintiff and the use of it by Alleman as the basis of the sale to defendants were not denied, and the estoppel of the plaintiff should have been ruled by the court as a matter of law on the undisputed facts.

All the plaintiff's points on the estoppel of defendants by the published notice were for the foregoing reasons entirely irrelevant and should have been refused.

All the points in regard to accord and satisfaction were also irrelevant and should have been refused. Whether the receipt of $5,000 by Ebert as in full for an indebtedness said to have been four times that amount was a good accord and satisfaction between him and Alleman was immaterial. It was said that it was a payment of part of the debt before it was due, and therefore valid. But, however the facts may be as to that, the point had no relevancy to this case. The rule that payment of a smaller sum is not a good accord and satisfaction for a larger one applies only between debtor and creditor. It was a deduction of strict scholastic logic in the days when money was regarded as having a fixed and unchangeable value. Hence a part payment of money due could never logically be treated even by agreement as equivalent to a payment of the whole. In the business methods of the present it has come to be recognized that money like other commodities has fluctuations of value not only in the general market, but also and more especially to the individual. To a merchant with a note coming due $5,000 before three o'clock to-day, which will save his commercial credit, may well be worth more than $20,000 to-morrow after his note has gone to protest. The recognition of this business condition has led to a statutory change of the rule in some states : 1 Am. & Eng. Ency. of Law, tit. Accord (2d ed.), p. 414. But the rule was always regarded as more logical than just, and as coming very close to a contradiction of the general rule that the law will not measure the amount or value of the consideration if parties have agreed upon it. Hence any circumstance of variation such as payment at a different place or before the debt is due has been held sufficient to take a case out of the rule. But the rule itself never had any application to a payment by a third party, and that was the case here. The $5,000 paid by Alleman to plaintiff was furnished by defendants in consideration of the receipt which plaintiff signed for that purpose. As between these parties it was a valid consideration and raised the estoppel already discussed.

Judgment reversed.