## Barron Company *v.* Fox & Company, Appellants.

*Contracts—Payment—Accord—Satisfaction.*

When a claim is disputed or unliquidated and the tender of a check or draft in settlement thereof is of such character as to give the creditor notice that it must be accepted in full satisfaction of the claim, or not at all, the retention and use thereof by the creditor constitutes an accord and satisfaction. If he is not willing to accept the check in full payment, it is his duty to return it without using it.

Where, in case of dispute, an amount is offered as payment in full, the party to whom it is tendered must refuse it or accept it

under the condition involved. If he accepts the payment, the condition upon which it is made goes with it.

In an action of assumpsit for merchandise sold and delivered, it is not error to enter judgment for the defendant, if the evidence established that the latter had advised the plaintiff that the goods were unsatisfactory and had enclosed a check on which was endorsed the words "Paid in full to date."

Under such circumstances, the receipt of the letter setting forth the defects in the goods and the endorsement on the check must be held to have notified the plaintiff that the tender was made in full satisfaction of the claim and that its acceptance would constitute an accord and satisfaction.

Argued April 30, 1924. Appeal, No. 84, April T., 1924, by defendants, from judgment of C. P. Allegheny Co., Oct. T., 1923, No. 242, on verdict for plaintiff, in the case of W. H. Barron Company, a Corporation, v. William Fox and Joseph M. Fox, trading as William Fox & Company. Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Petition for leave to appeal from judgment of the county court. Before KLINE, J.

The facts are stated in the opinion of the Superior Court.

The court refused the petition. Defendant appealed.

*Error assigned* was the order of the court.

*Sidney J. Watts,* for appellants.—There was an accord and satisfaction: 1 Corpus Juris 562; Williston on Contracts, vol. 3, p. 3180; Bernstein v. Hirsch, 33 Pa. Superior Ct. 87; Washington Gas Co. v. Johnson, 123 Pa. 576; Polin v. Weisbrot, 52 Pa. Superior Ct. 312.

*Blythe S. Weddell,* of *Redden, Weddell & Hosack,* for appellee, cited: Barry v. Caplin, 73 Pa. Superior Ct. 487; Pennsylvania R. R. Co. v. A. J. Cameron & Co., 78 Pa. Superior Ct. 497; Snowiss v. Loeb & Co., 81 Pa. Superior Ct. 124.

OPINION BY HENDERSON, J., October 13, 1924:

The defendant ordered from the plaintiff a carload of "Choice Mississippi wrapped tomatoes." The car containing ten hundred and seventy-one crates, at $1.10 per crate, f. o. b., arrived at Pittsburgh, June 13, 1921. After the merchandise was examined, the defendant telegraphed the same day to the plaintiff: "Car tomatoes 54579 arrived; very disappointed with quality and condition. Advise immediate disposition or protection in order to protect your papers." On the same day the plaintiff replied to the telegram as follows: "54579 sold you f. o. b. Crystal Springs, choice not fancy. Will make no allowance." The defendant thereupon caused the merchandise to be examined by a government inspector and on June 13th, 14th and 15th sold the consignment in lots at varying prices. No further communication was had between the parties until July 14, 1921, when the plaintiff sent a telegram to the defendant requesting a check for the shipment. To this the defendant replied on July 15, 1921, stating that a check was not sent because the tomatoes were not choice as shown by government inspection, that the lot contained a large number of "cat faces" which were not choice and that the car could have been entirely rejected, but that the consignee did not wish the consignor to suffer a loss of the merchandise and that they tried to act in a businesslike way in disposing of it and expected the plaintiff to meet them "half way." It was further stated that the car was a heavy loss on account of the tomatoes being "cat faces" instead of choice such as were bought. The letter then proceeded: "We attach our check together with account sales, which check is in full settlement of this shipment, which we think is fair and right and we believe you will agree with us when you look over government inspection report on this car.

"Yours very truly,
    "William Fox & Company."

With the letter was enclosed a check payable to the plaintiff for $632.41 on the face of which were endorsed the words "paid in full to date." Accompanying the letter was a statement of the sales made by the defendant showing the quantity sold and the price therefor; the total amount of the sales being $876.20 from which was deducted $243.79, freight paid, leaving the balance as stated in the check enclosed. The plaintiff received the check, endorsed it and deposited it for credit. The defense presented at the trial, in the county court, was that the acceptance by the plaintiff of the check amounted to an accord and satisfaction and on that subject the trial judge instructed the jury that "if there were bona fide negotiations for the purpose of a settlement, then the acceptance of the check sent by the defendant to the plaintiff would be an accord and satisfaction, but if the plaintiff up to that time, that is, up to the date of the check, had not acceded to any negotiations for a settlement other than the payment of the claim in full, then the acceptance of the check would not be an accord and satisfaction." The verdict having been returned for the plaintiff and a new trial having been refused, the defendant presented a petition to the court of common pleas for leave to appeal. This application was refused. We have the single question therefore whether on the facts as presented in the record the acceptance of the check amounted to an accord and satisfaction whereby the defendant was released from further liability. The general principle is well established that when a claim is disputed or unliquidated and the tender of a check or draft in settlement thereof is of such character as to give the creditor notice that it must be accepted in full satisfaction of the claim, or not at all, the retention and use thereof by the creditor constitutes an accord and satisfaction. If he is not willing to accept the check in full payment it is his duty to return it without using it: 1 Corpus Juris 562. Where money is sent by a debtor to a creditor to apply on a disputed claim with a notice

that it is to be in settlement of a larger demand, the debtor will be discharged if the creditor receive the money: Gas Co. v. Johnson, 123 Pa. 576; Ziegler v. McFarland, 147 Pa. 607; Christman v. Martin, 7 Pa. Superior Ct. 568.   It was held in Bernstein v. Hirsch, 33 Pa. Superior Ct. 87, that where in case of dispute an amount is offered as payment in full, the party to whom it is tendered must refuse it or accept on the condition involved.   If he accept the payment the condition upon which it is made goes with it.   It is necessary that the money be offered in satisfaction of the account, and that the offer be accompanied with such a declaration as is equivalent to a condition that if the payment is accepted, it shall be in satisfaction.   The same doctrine is stated in Dimmick v. Banning, 256 Pa. 295, wherein it was held "that to establish accord and satisfaction, payment should be offered in full satisfaction of the demand and be accompanied by acts and declarations amounting to express notice that the payment is conditional and if accepted must be received in full satisfaction of the claim." Danish Pride Milk Co. v. Marcus, 272 Pa. 343, is to the same effect.

Coming then to the merits of the case before us we have the fact that the defendant objected to the quality of the tomatoes shipped because they were not up to the standard of the order and that he gave prompt notice to the shipper with a request for instructions as to the disposal of the merchandise; that the plaintiff refused to make an allowance for defects whereupon the defendant enclosed the check above referred to in full settlement of the shipment which the latter claimed to be fair and right in view of the inferior quality of the tomatoes. On the check was also endorsed the statement "Paid in full to date."   The plaintiff understood therefore before the letter of July 15, 1921, that the defendant claimed the tomatoes were of quality inferior to the kind named in the contract.   There is also specific notice in the letter that the check was tendered in full settlement of the ac-

count for the shipment and the endorsement across the face of the check "Paid in full to date" is in confirmation of that statement. The information therein contained we regard as sufficient to put the plaintiff on notice that the check was tendered conditionally, that is, it was to be taken in full settlement if taken at all. The exact language of notice to be given by the payor to the payee is not prescribed in the law. The acts and declarations of the payer must have the effect of express notice that the acceptance of the check will be in satisfaction of the claim and that is the result produced by the defendant's payment and the plaintiff's acceptance. The case of Danish Pride Milk Co. v. Marcus, supra, is not inconsistent with this conclusion. The check in that case was given "for the sixty cases" of milk as shown by the letter accompanying the check and not in settlement of a disputed account. The plaintiff here was put on fair notice that because of the defective quality of the tomatoes the defendant was only liable for what they could be sold for and that payment was tendered in full satisfaction of the claim by way of settlement. This brings the case within the ruling in Polin v. Weisbrot, 52 Pa. Superior Ct. 312. The appellant was therefore entitled to binding instructions in the trial court.

The judgment is reversed and the record remitted to the court below with instructions to enter judgment for the appellant.