Lupowitz *v.* Victor Building Association, Appellant.

Argued October 21, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*Joseph Sternberger,* for appellant.

*William Ginsburg,* for appellee.

Per Curiam, November 20, 1930:

Judge Ferguson filed the following opinion:

"Plaintiff offered to pay to defendant the amount necessary to discharge the amount due defendant on a mortgage held by it against property of a third party, the mortgage to be satisfied or assigned at the option of plaintiff. He was informed that the amount required would be $1,594.40, and he accordingly paid that amount at that time by check, which contained an endorsement that it was to be applied on the mortgage, the same to be satisfied or assigned. The check was endorsed by the treasurer of the defendant corporation. Defendant refused to execute an assignment of the mortgage when tendered, on the ground that a mistake had been made, and the amount actually due was $60.00 more than the amount paid. Demand was made that the plaintiff pay that additional sum, which demand was refused. Plaintiff seeks to recover the amount paid and we think he is entitled to judgment.

"If the original parties to the obligation had made payment, necessarily they could not demand satisfaction of the mortgage unless payment were made in full. If a mistake had been made, defendant could refuse to satisfy until the proper amount was received.

"Plaintiff, however, is a stranger, and his interest does not appear. He proposed to pay the amount due for satisfaction or assignment and actually paid the amount demanded. Under the circumstances, if a mistake was made in the amount due, defendant is in no position to retain the amount paid and refuse the assignment. Having elected to retain the mortgage, we see no reason why it should not return the money paid."

We may add that the case of Ebert v. Johns, 206 Pa. 395, sustains the position taken by the court below. "The rule that payment of a smaller sum is not a good accord and satisfaction for a larger one applies only between debtor and creditor."

The judgment is affirmed.