## Garland, Appellant, *v.* Trout.

Argued March 17, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*S. W. Bierer,* for appellant.

*H. H. Dinsmore,* for appellee.

PER CURIAM, April 20, 1931:

Plaintiff's bill is for specific performance of an oral contract which she alleges existed between herself and defendant. Plaintiff, a widow with five minor children, previous to October 1, 1921, resided in the village of Mammoth, Westmoreland County. Defendant, who was and still is an investigator for the Mother's Assistance Board for that county, being of opinion it would be advantageous for plaintiff to reside with her family in the City of Greensburg, where work could more readily be obtained for her and better school facilities provided for her minor children, suggested a change of residence to plaintiff, and together they visited Greensburg and secured a double dwelling, known as the Johns house. Defendant purchased the property for a consideration of $4,000, and the deed to her for the premises was recorded August 15, 1921. The purchase money was procured entirely by defendant, she having assumed payment of a mortgage of $2,000 on the property and personally borrowed the balance, approximately $2,000. Later, plaintiff moved into the southern half of the house and began paying $20 monthly as rental to defendant. Under date of October 1, 1921, plaintiff entered into written articles of agreement with defendant for rental of the south one-half of the property. This lease was in the usual form, was under seal, and signed by both plaintiff and defendant.

Plaintiff's contention is that defendant acquired the property for the purpose of conveying it to plaintiff upon defendant receiving rentals of an amount equal to the purchase price, less interest on the encumbrances, taxes, expenses of upkeep, insurance, etc.; plaintiff and her family in the meantime to occupy one part of the premises, paying $20 monthly, and the other apartment to be rented for $20 a month. Defendant's answer denied specifically each paragraph of the bill, stating, however,

that she had in fact purchased the property in question for the accommodation of the Garland family, and that they went into possession of one apartment under an agreement of lease, and were not at any time other than renting tenants.

The chancellor found plaintiff failed to establish the alleged parol contract relied upon, and that her evidence was insufficient to show possession of the property in question under any contract other than the rental lease referred to above, and dismissed the bill. Plaintiff appealed.

The proofs clearly establish that defendant personally acquired the property, paid the taxes, water rents, etc.; that plaintiff went into possession of the south side of the house as a tenant only under the lease above referred to, which was offered in evidence; that improvements made by plaintiff, mostly of a minor character, were inexpensive and for her own convenience, and those of a substantial nature were paid for by defendant. Plaintiff's allegation that the money paid to defendant was paid on account of the purchase of the property is not borne out by the evidence. Plaintiff accepted receipts for these payments, all of which specify payments of *rent*. Furthermore, no writing was at any time entered into referring to plaintiff's alleged contract to purchase the property, while, on the contrary, it did appear that, at the insistence of plaintiff, defendant prepared an agreement, dated December 9, 1924, whereby she agreed to sell and convey the Johns property to plaintiff by a general warranty deed at the price of $2,000, and subject to the $2,000 mortgage, as soon as the total amount of income received from the property, less taxes, insurance, repairs, improvements, and all other expenses connected therewith, should amount to $2,000. This agreement plaintiff refused to execute, although defendant consented to its terms.

We have said this court will not reverse upon a question of fact if there is sufficient evidence to support the

court's finding, especially if the decision is against the party having the burden of proof, and such proof depends upon the testimony of witnesses whom the trial judge saw and heard: Hall v. Lyon, 286 Pa. 119, 122. The findings of the chancellor, approved by the court in banc, are clearly supported by the evidence, and consequently will not be disturbed on this appeal: Belmont Laboratories, Inc., v. Heist, 300 Pa. 542, 546, and cases there cited.

The decree is affirmed; costs to be paid by appellant.