Cosmo Dress, Inc., *v.* Perlstein & Company, Inc., Appellant.

Argued October 27, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Emil F. Goldhaber,* of *Aarons, Weinstein & Goldhaber,* for appellant.

*David S. Malis,* for appellee.

OPINION BY BALDRIGE, J., March 3, 1939:

Plaintiff, a dress manufacturer, made five shipments of dresses to the defendant between September 1st and

October 22, 1936. On October 28th, defendant attempted to return thirty-one dresses, having a total value of $116.25. Plaintiff refused to accept the return shipment as a credit, and so notified the defendant.

On November 9, 1936, defendant mailed a check for $311.45 to the plaintiff as the amount due after deducting $116.25, which had the following notation on its face: "By endorsement this check is accepted in full payment of the following account ......" Immediately thereunder were listed a number of invoices and credits, which were conceded at the trial to be correct, except the $116.25 in dispute. The check had a notation on its reverse side also: "In full settlement for account to date." Plaintiff cashed the check, and wrote the defendant as follows: "Gentlemen: We are in receipt of your check for the amount of $311.45 for which please accept our thanks. However we note you have deducted $116.25 for merchandise returned of which we have no record and are therefore accepting your check of $311.45 on account." Later, it brought this action for the balance alleged to be due, to wit, $116.25.

The affidavit of defense did not aver the payment of a disputed account in accord and satisfaction of the defendant's indebtedness. The defense set forth therein was that the defendant was entitled to certain credits for postage, commissions, etc. (which plaintiff allowed at the trial) and, further, that plaintiff "failed to allow it credit in the sum of $116.25 representing the return of thirty-one (31) dresses, made on October 28, 1936, pursuant to an oral agreement entered into between William M. Moldawer, President of the defendant corporation and Helen Aarons, the duly authorized Secretary and Treasurer of the plaintiff corporation."

The record shows that at the beginning of the trial, the following colloquy took place:

"The Court: The only issue is whether or not the

merchandise which is alleged to have been returned was properly returned, or whether the defendant had a right to return it, and whether he should be given credit for it and whether he had any reason to return it. Isn't that the only issue now?

"Mr. Goldhaber: That will be the issue, but I still feel, as a matter of law, he ought to prove his book accounts.

"Mr. Malis: I will give you the book and I will take the invoices out of your possession and offer them in evidence. I will call Mr. Medoff, an officer of the corporation, as for cross-examination.

"Mr. Goldhaber: All right. All the credits appear to be on this ledger, therefore, we may assume that the credits that are now shown in the statement of claim are allowed to us now, so that the only issue before your Honor is $116.25."

The several invoices having already been admitted in evidence, the plaintiff offered the ledger sheet containing the account of defendants, to which there was no objection. The defendant then called to the stand its buyer, Mr. Weiss, who testified that he had an oral agreement with Miss Aarons, plaintiff's treasurer, permitting return of the merchandise. This testimony was corroborated by the president of the defendant company. In rebuttal, Miss Aarons denied she had entered into such an agreement. Judge GLASS found that there was no agreement with Miss Aarons to return the dresses, that portions of these shipments had been retained, and none were returned until October 28, 1936. He held that their retention for an unreasonable time after their receipt barred the appellant from claiming that a bona fide dispute existed respecting the payment therefor. We concur in that conclusion. The thirty-one dresses in controversy were shipped between September 1st and October 22d. Twenty-four of them were shipped on September 1st and 2d, so that they were not returned by the defendant for almost two months. This

delay, of course, was unwarranted, especially for merchandise so seasonable as ladies' dresses.

The acceptance of goods by a buyer will be presumed after their receipt and lapse of a reasonable time for examination. If he exercises his right to reject them, he must do so not only promptly but unequivocally: *Meguire v. Gallagher*, 89 Pa. Superior Ct. 576, 580. "Mere complaints as to the quality of the goods, while exercising dominion over them, inconsistent with ownership in the seller, are not sufficient": *Tete Bros. v. Eshler*, 11 Pa. Superior Ct. 224, 227.

The appellant does not complain of the court's finding that there was no express agreement that the plaintiff would accept a return of the merchandise, but asserts that it, in good faith, disputed plaintiff's claim and that as plaintiff cashed the check, there was a complete accord and satisfaction.

The difficulty with that proposition is that it is based on a premise that there was a bona fide dispute, which, as we have stated, was not set up as a defense; nor was that the theory upon which the case was tried.

This is not a case of a payment of smaller amount in compromise and satisfaction of a disputed larger claim, which does operate as an accord and satisfaction. *Christman v. Martin*, 7 Pa. Superior Ct. 568; *Bernstein v. Hirsch*, 33 Pa. Superior Ct. 87; *Polin v. Weisbrot*, 52 Pa. Superior Ct. 312; *Barron Co. v. Fox & Co.*, 84 Pa. Superior Ct. 46, cited by appellants, are not in point as each case involved a payment made under a dispute, based on good faith as to the quality or quantity of merchandise or material shipped, and a sum was received in settlement of a disputed larger claim. "Unless there exists a genuine controversy concerning the amount due, mere payment by one party of a sum less than the whole of the claim and its acceptance by the other do not erect a foundation for such a settlement as may be deemed an accord and satisfaction. An indispensable element contributing to

the establishment of this defense consists in an actual and substantial difference of opinion. One must assert the validity of his claim, and the other must in good faith deny all or part of it. His denial cannot be fabricated for use as a pretext to evade the discharge of an obligation. Disclaimer must be bona fide and based upon real faith that the demand is not meritorious": *Schuttinger v. Woodruff* (N. Y.), 181 N. E. 361, 362.

The only sum in controversy, as we have stated, is $116.25. The liquidated sum conceded to be due is represented by the $311.45 check; no amount was paid beyond that. In making a partial payment, appellant was merely doing what it was legally bound to do under the original agreement. The plaintiff was clearly within its legal rights in accepting and cashing the check. That operated as a discharge of the amount paid, but did not bar the present action to recover the balance of the claim.

The authorities are in entire accord that a payment of a sum admittedly due under a contract is no consideration for the discharge of an alleged additional liability, and that the acceptance of that sum by the creditor does not constitute an accord and satisfaction. See 1 C. J. S. §29, p. 502. *Osbourn v. Magee Carpet Co.*, 67 Pa. Superior Ct. 100, affirms that principle. There, the plaintiff, an engineer, and the defendant entered into a contract for an engineering survey of the defendant's plant. The sum of $500 was named as the contract price. A controversy arose as to whether the contract price included the furnishing of plans for necessary improvements disclosed by the survey. The defendant sent a check for $100 as the full amount for services rendered. Plaintiff cashed the check and the court below permitted recovery on the contract, on the ground that the receipt of the $100 admittedly due could not constitute an accord and satisfaction. In affirming the conclusion of the lower court that there was no accord

and satisfaction, we said (p. 105) : "The defendant clearly acknowledged that it owed at least the sum of $100. The payment of that and its acceptance by the plaintiff could not debar him from bringing an action for the balance of the debt due if any such balance existed."

In *Danish Pride Milk Products Co. v. Marcus et al.,* 272 Pa. 340, 343, 116 A. 303, it was held that making payment on account of goods purchased will not liqui-date the entire debt. The court there said: "The check sent September 2, 1920, reads, 'Pay to the order of Enzo Milk Company $300 three hundred dollars. In full payment of your invoices for period ending 6/29/20'; and defendants contend that, in view of the language therein, its retention by plaintiff, and the later return of 740 cases of milk, operated as a full discharge of the claim in suit. This contention is with-out merit; especially as the letter accompanying the check states it is 'for the 60 cases.' The statement that it was 'in full payment of your invoices,' did not change the fact that it paid for only 60 of the 800 cases ...... In other words, a vendee's payment for such part of the merchandise as he was resold, accompanied by an offer to return the balance, does not constitute an ac-cord and satisfaction ......" See, also, *Dimmick v. Banning, Cooper & Co. Ltd.,* 256 Pa. 295, 302, 100 A. 871.

Taking into consideration the pleadings in this case and the theory upon which it was tried, together with the circumstances under which the $311.45 check was paid and accepted, we are of the opinion that the de-fendant failed to establish a waiver of plaintiff's right to the balance of its claim.

Judgment affirmed.