Hutchinson, Appellant, *v.* Culbertson et ux.

Argued October 7, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Henry D. O'Connor,* with him *Francis J. McLaughlin* and *Edward A. O'Neill,* for appellant.

*Madison S. DuBois,* for appellees.

OPINION BY RENO, J., November 12, 1947:

In this assumpsit action to recover for work performed, the trial judge directed a verdict for $75.06 for plaintiff; but upon defendants' motion for judgment n. o. v. the court en banc entered judgment for them. Plaintiff appealed.

There is no serious dispute as to the facts. Defendants engaged appellant to do plumbing work for them. No agreement was entered into as to the price or amount to be charged for the work. Upon completion of the work, appellant rendered a bill for $163.00, to which defendants objected as being too high for the work performed. Defendants requested an itemized bill, and subsequently received such a bill for $175.06. Defendants again protested the amount and stated that $100.00 was a reasonable price for the work. Some time later one of defendants called appellant and informed him that he was sending a check for $100 in full settlement of the claim, and appellant stated that he would not settle for that amount. Nevertheless defendants sent a check for $100.00 marked on the face and back "payment in full." Appellant struck out the words "payment in full" on the back of the check and deposited it. It was honored by defendants' bank.

Appellant contends that there was not a bona fide dispute as to the amount due and that there was, therefore, no consideration for the payment; that since appellant stated that he would not accept $100 in settlement of his claim before the tender of the check, there can be no accord and satisfaction. Appellees argue, however, that as the check was plainly marked "payment in full" and appellant accepted it and cashed it, he is bound by his act.

The creditor to whom a check is sent as payment in full has the option of accepting it on the conditions on which it is sent, or of rejecting it. When the debtor sends his creditor a check which he clearly states is in full payment of the claim, and the creditor collects the check

without protest, this constitutes a good accord and satisfaction. *Washington Natural Gas Co. v. Johnson,* 123 Pa. 576, 16 A. 799. The moment the creditor endorses and collects the check, with knowledge that it was offered only upon condition, he thereby agrees to the condition and is estopped from denying such agreement. It is then that the minds of the parties meet and the accord and satisfaction becomes complete.

While we agree that an accord and satisfaction must be founded upon a bona fide dispute, we think that the evidence shows that there was such a dispute. There is no question that the work was done, nor is the workmanship questioned, but there was an argument as to the value of the services, a fact upon which reasonable minds could honestly disagree. Defendants' contention as to the proper amount of the bill was not arbitrary or capricious. "A demand is not liquidated, or undisputed, even if it appears that something is due, unless it appears how much is due; and when it is admitted that one of two different sums is due, but there is a genuine dispute as to which is the proper amount, the demand is unliquidated, within the meaning of that term as applied to accord and satisfaction." 1 Am. Jur., "Accord and Satisfaction," §61.

It has been established that if a check bearing a notation indicating that it is offered in full settlement is delivered to the creditor, the retention and use of the check by the creditor constitutes an accord and satisfaction. *Barron Co. v. Fox and Co.,* 84 Pa. Superior Ct. 46. He cannot avoid the dilemma of returning the check or keeping it in full satisfaction by erasing or obliterating the words which import complete satisfaction.

The fact that the creditor protests against accepting the tender in full payment will not prevent the transaction from becoming a good accord and satisfaction where the debtor still insists that it must be accepted in full payment or not at all. This accords with Restatement, Contracts, §420: "Acceptance by a creditor of any per-

formance tendered by the debtor as satisfaction of a pre-existing contractual duty, or of a duty to make compensation, is not prevented from operating as satisfaction by the creditor's manifested refusal so to regard it." Illustration 1: "A engages B to make repairs on A's house. No price is fixed by contract. B sends a bill for $398. A in reply sends a check for $350 in a letter stating—'I am sending you a check in full satisfaction of your claim.' B on receiving this communication immediately replies, 'I credit you with $350 on account. I do not accept your check in full satisfaction, and I request payment of the remainder of my bill.' B then cashes the check. A's debt is entirely discharged."

The above quotation presents a far stronger case in behalf of the creditor than the one presented at bar. In the illustration the creditor protested *after* receipt of the check; in the instant case the creditor's objection was made *before* receipt of the check. After receipt thereof he gave no indication as to his intentions and his course of conduct, cashing a check clearly marked "payment in full", binds him. He had a choice between accepting the check as offered or rejecting it in toto, and his acceptance discharges the debt. *Bernstein v. Hirsch,* 33 Pa. Superior Ct., 87; *Polin v. Weisbrot,* 52 Pa. Superior Ct., 312. For a thorough study of the subject, see 1 Williston on Contracts §128, 6 Id §§1854-1856.

Judgment affirmed.