Hayden *v.* Coddington, Appellant.

Argued April 12, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ. (GUNTHER, J., absent).

*W. T. Corbett,* for appellant.

*Jacob Shulgold,* for appellee.

OPINION BY DITHRICH, J., July 19, 1951:

Defendant appealed to the County Court of Allegheny County from a judgment entered against him by a justice of the peace in an action of assumpsit brought by plaintiff to recover a balance alleged to be due for labor and material supplied pursuant to an oral contract. No request for findings of fact having been made, the trial judge, who heard the case without a jury, found generally for plaintiff and entered judgment against defendant in the sum of $119.04. Whereupon, defendant filed separate motions for judgment on the whole record and for a new trial, con-

tending that the verdict of the court was against the law and the evidence. From the denial of these motions by the court en banc this appeal was taken.

Plaintiff alleged that he was engaged on or about March 20, 1949, as a subcontractor by defendant "to remove, repair, replace, and hang splash boards, gutters, and molding" on the roof of premises owned by a third party "and to install five (5) spouting outlets, in consideration for which the Defendant was to pay the Plaintiff the sum of Three ($3.00) Dollars per hour for the time necessary to do all the work prior to and preparatory to the installation of the new gutters." Plaintiff further alleged that at the conclusion of the job he was entitled to $162.30.

Defendant denied that the terms of the oral contract were as alleged by plaintiff and averred, to the contrary, that he engaged "the Plaintiff as a sub-contractor [only] to remove and rehang gutters on the premises" and that the agreement "provided for a total charge of Forty. ($.40) cents per foot for removal and replacing of the gutters; that there were One Hundred Seventeen (117) feet of gutter to be replaced or a total amount of Forty-six and 80/100 ($46.80) Dollars, plus material in on the job."

Under circumstances to appear later, plaintiff rendered a bill for $162.30 on March 28, 1949. Defendant then wrote plaintiff the following letter dated April 1, 1949: "Enclosed you will find a check in the amount of $50.00 for full payment of installing gutters at 6949 Blenheim Court. Our verbal agreement was that the gutters were to be installed at the rate of .40¢ per foot. You must certainly think I am a fool to pay you in the amount of $162.00 for your work when I have a signed contract with the customer for $194.00. Three witnesses were present who heard our agreement. If you do not care to accept this check as full payment return it to me by mail, suit yourself.

In the second place the job you did for me is so crude it's funny, please do not annoy me with any phone calls." On the back of the enclosed check was written as follows: "Cashing this check is acknowledgement of payment in full for gutter job at 6949 Blenheim St. Pgh. Pa." After scratching out these words, plaintiff endorsed the instrument, cashed it and subsequently commenced this suit in assumpsit. Defendant relied on the defense of accord and satisfaction.

The principles governing the subject are well settled. An accord and satisfaction is contractual in nature; therefore, in order that it be established "it must not only be shown that the party against whom it is raised was satisfied with the transaction, but it must further be established that he received some consideration which would compensate him in law for accepting a less amount. This consideration is usually found in the fact that at the outset there is a dispute as to the actual amount due, and the agreement of both parties upon an amount arrived at by compromise forms the consideration for the settlement." *Suits to Use v. Aetna C. & S. Co.,* 106 Pa. Superior Ct. 231, 239, 161 A. 592. "Where there is a dispute or disagreement between the debtor and creditor as to their respective rights, a payment tendered in full satisfaction of the other's claim operates as an accord and satisfaction if the payment is accepted and retained. [Extensive citation of authority in footnote.]" *Lucacher v. Kerson,* 355 Pa. 79, 80, 81, 48 A. 2d 857. See also *Hutchinson v. Culbertson,* 161 Pa. Superior Ct. 519, 55 A. 2d 567.

Accordingly, a dispute as to the *terms of a contract* or as to the meaning to be given them may provide the proper basis for an accord and satisfaction. Corbin on Contracts, Vol. 6, §1290 (4). That type of dispute existed here. However, " 'Unless there exists a *genuine* controversy concerning the amount due, mere payment by one party of a sum less than the whole of the claim

and its acceptance by the other do not erect a foundation for such a settlement as may be deemed an accord and satisfaction. An indispensable element contributing to the establishment of this defense consists in an actual and substantial difference of opinion. One must assert the validity of his claim, and the other must in *good faith* deny all or part of it. His denial cannot be fabricated for use as a pretext to evade the discharge of an obligation. Disclaimer must be *bona fide* and based upon real faith that the demand is not meritorious [emphasis added]': Schuttinger v. Woodruff (N. Y.), 181 N. E. 361, 362": *Cosmo Dress, Inc., v. Perlstein & Co., Inc.,* 134 Pa. Superior Ct. 597, 601, 602, 4 A. 2d 596. Cf. *Hutchinson v. Culbertson,* supra.

It is conceded that if the dispute here was bona fide then the *Hutchinson* case would control. In that case this Court, speaking through RENO, J., held (p. 521) : "It has been established that if a check bearing a notation indicating that it is offered in full settlement is delivered to the creditor, the retention and use of the check by the creditor constitutes an accord and satisfaction. Barron Co. v. Fox and Co., 84 Pa. Superior Ct. 46. He cannot avoid the dilemma of returning the check or keeping it in full satisfaction by erasing or obliterating the words which import complete satisfaction." But it was also held that the evidence in that case disclosed a good faith dispute and that the debtors' "contention as to the proper amount of the bill was not arbitrary or capricious."

The existence of a bona fide dispute being an element essential to the establishment of the defense of accord and satisfaction, its proof was a burden resting on defendant. *Suits to Use v. Aetna C. & S. Co.,* supra. Where the evidence is conflicting or the legitimate inferences arising from the evidence are in opposition, whether or not there was a bona fide dispute is a question of fact to be resolved by a jury or by a

court sitting without a jury. 1 C. J. S., Accord and Satisfaction, §49, p. 567. It is implicit in the general finding of the court below that the defense of accord and satisfaction was not proved; hence, the learned judge necessarily determined this issue of good faith against defendant. This is so because every other element of the defense relied on was clearly made out as a matter of law under this Court's decision in the *Hutchinson* case, supra. Consequently, in our reading of the record we have viewed the evidence relating to this question and all reasonable inferences therefrom in the light most favorable to plaintiff, as required by law (*Schoenfeld v. Meckes,* 166 Pa. Superior Ct. 101, 104, 70 A. 2d 377), especially since the fact-finder's decision, approved by the court en banc, was against the party having the burden of proof (*Garland v. Trout,* 303 Pa. 545, 154 A. 926).

On direct examination plaintiff testified as follows concerning the presentation of the bill for his services: "Q. What arrangements were made between you and Mr. Coddington for you to get paid? A. Mr. Coddington left a note for me to bring a bill up, leave a bill for him or bring it up for him and I made out the bill and also a duplicate bill and I took it to Mr. Coddington's house and he told me he would send me a check at the end of the month. Q. For how much? A. The total amount on the bill. Q. You mean when you gave it to him? A. Yes. I have a copy of the bill, it was $162.30. Q. And he said he would send you a check for it? A. Send me the check." This testimony was affirmed on cross-examination.

Accepting plaintiff's testimony as being true, defendant unambiguously, and positively, promised to pay $162.30. If a correct charge had been $50, as defendant later asserted, surely, because of the wide disparity of the amounts, his surprise and protest would have been registered the moment plaintiff's claim was pre-

sented. The conduct and language attributed to defendant in this matter, his promise to pay the amount of the bill as presented, his failure to produce the "three witnesses" referred to in his letter and instead placing reliance solely on his own testimony, among other things, indicate absence of good faith. In our opinion there was sufficient competent evidence from which the trial judge could conclude that the contract between the parties was as alleged by plaintiff and that the defendant's tender of the $50 check was not offered in settlement of a claim honestly disputed.

We agree with the following language of LENCHER, P. J., in his opinion written for the court en banc: "The interpretation given to their acts by the parties themselves in the early stages of their dealings and the credibility and weight to be given to the testimony as to all other acts and declarations thereafter occurring made up a typical case for a fact finder. The verdict is not against the weight of the evidence; it is not against the law. We see no reason for a retrial and we cannot legally enter judgment here for this defendant."

Judgment affirmed.

RHODES, P. J. and HIRT, J. dissent.