## In re ZERODEC MEGA CORPORATION, Debtor.

## ZERODEC MEGA CORPORATION, Plaintiff,

v.

## TERSTEP OF TEXAS, INC., Defendant.

Bankruptcy No. 82–05578G.
Adv. No. 84–1197G.

United States Bankruptcy Court, E.D. Pennsylvania.

March 14, 1985.

Mark J. Packel, Adelman, Lavine, Krasny, Gold & Levin, Philadelphia, Pa., for plaintiff/debtor, Zerodec Mega Corp.

Gary P. Lightman, Fellheimer, Eichen & Goodman, Philadelphia, Pa., for defendant, Terstep of Texas, Inc.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

Under § 1207 of the Uniform Commercial Code ("the UCC") of Pennsylvania, the Bankruptcy Code ("the Code") and the doctrine of accord and satisfaction we must face the question of whether an obligation owed to the debtor is satisfied by the debtor's cashing an obligor's check representing only partial payment although the check bore the obligor's statement, "Full and final payment...." Although the debtor expressed no explicit reservation of rights on the check, on endorsing the check postpetition, it obliterated the quoted language. On the cross motions for summary judgment now before us, we conclude that the restrictive language on the check was legally ineffective, and that the obligor must still pay the balance of the debt.

We briefly outline the facts of this case as follows:[1] The debtor filed a petition for reorganization under chapter 11 of the Code in 1982. Prior to that time the debtor had been engaged in business with Terstep of Texas, Inc. ("Terstep"), and as of the filing of the petition the debtor owed Terstep several thousand dollars although the exact amount is not of record. After the filing of the petition the debtor performed certain work on credit for Terstep and

billed it for $21,265.00. The principals of the debtor and Terstep later discussed possible excess charges exacted under the $21,265.00 billing and also addressed the question of setting off their respective liabilities. Based in part on these discussions, Terstep drew the debtor a check for $3,400.12. The back of the check bore the statement:

> Full and Final payment on all materials and services as of instant date. Endorsement and/or negotiation of check constitutes agreement to, and acceptance of the foregoing.

The debtor accepted the check, crossed out the above quoted language, and cashed or deposited the check. The debtor inscribed on the back of the check no statement of any kind.

The debtor commenced the instant action against Terstep to recover the $21,265.00, less the $3,400.12 payment for a net figure of $17,864.88.[2] In its answer Terstep recited a "laundry list" of defenses including accord and satisfaction, estoppel, laches, payment, release, waiver, fraud and the statute of frauds. It also lodged a counterclaim against the debtor for compensatory and punitive damages and attorneys' fees for the debtor's bad faith in failing to honor the conditional language on the back of the check. Shortly thereafter Terstep moved for summary judgment requesting that we deny the debtor's complaint and grant relief on Terstep's counterclaim. The debtor opposed the motion and countered with its motion for partial summary

---

1. Under Fed.R.Civ.P. 56, which is applicable through Bankruptcy Rule 7056, summary judgment can be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The U.S. Court of Appeals for the Third Circuit has characterized summary judgment as "a drastic remedy," and has stated "that courts are to resolve any doubts as to the existence of genuine issues of fact against the moving parties." *Hollinger v. Wagner Mining Equipment Co.,* 667 F.2d 402, 405 (3d Cir.1981). "Inferences to be drawn from the underlying facts contained in

the evidential sources submitted to the trial court must be viewed in the light most favorable to the party opposing the motion." *Goodman v. Mead Johnson & Co.,* 534 F.2d 566, 573 (3d Cir.1976), *cert. den.,* 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). Nonetheless, in opposing a motion for summary judgment "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing there is a genuine issue for trial." Fed.R.Civ.P. 56(c).

2. This is the figure quoted in the debtor's brief although the complaint requests $17,413.48.

judgment on $13,488.04 [3] of its $17,864.88 claim on the averments that the restrictive language on the check was ineffective and that Terstep has alleged only $4,376.84 in postpetition charges which may possibly undercut the debtor's claim.

Under the common law, the acceptance of a smaller sum for a debt currently due, though agreed and expressed to be payment in full, would not effect the intended satisfaction of the total debt since the purported agreement of satisfaction lacked consideration. *Melroy v. Kemmerer*, 218 Pa. 381, 383, 67 A. 699 (1907); *Ebert v. Johns*, 206 Pa. 395, 55 A. 1064 (1903). But if the new agreement is not invalid for lack of consideration, and bears all the elements of a contract, it will satisfy both that contract and the original one under the doctrine of accord and satisfaction which is defined as follows:

§ 281. Accord and Satisfaction

(1) An accord is a contract under which an obligee promises to accept a stated performance in satisfaction of the obligor's existing duty. Performance of the accord discharges the original duty.

(2) Until performance of the accord, the original duty is suspended unless there is such a breach of the accord by the obligor as discharges the new duty of the obligee to accept the performance in satisfaction. If there is such a breach, the obligee may enforce either the original duty or any duty under the accord.

(3) Breach of the accord by the obligee does not discharge the original duty, but the obligor may maintain a suit for specific performance of the accord, in addition to any claim for damages for partial breach.

*Restatement (Second) of Contracts* § 281 (1981); *Melroy*. In a binding accord, good consideration may consist of "payment a day or even an hour before the debt is due, or at a different place, or of a certainty in amount where the amount of the debt is uncertain, or payment of even a part by a third person, or additional security of any kind such as the indorsement of a note by a third person, or payment in chattels or anything other than money...." *Melroy*, 218 Pa. at 383, 67 A. 699. Orbiting closer to the issue at bench is *Barron Co. v. Fox & Co.*, 84 Pa.Super. 46, 49 (1924), in which the court stated, "The general principle is well established that when a claim is disputed or unliquidated and the tender of a check or draft in settlement thereof is of such character as to give the creditor notice that it must be accepted in full satisfaction of the claim, or not at all, the retention and use thereof by the creditor constitutes an accord and satisfaction." From the case law in Pennsylvania it appears that the dispute necessary to provide the requisite consideration for the accord need be little more than nominal. For instance, in *Melnick v. National Air Lines*, 189 Pa. Super. 316, 318, 150 A.2d 566 (1959), the plaintiff's luggage was repeatedly lost by the defendant, an airline. Under its tariff's the airline issued a check to the plaintiff for $100.00 on the back of which was written "in endorsement of this check I hereby discharge [the airline] ... of all claims ... [for] lost baggage...." The court held that the claim was disputed and unliquidated since the airline "did not admit failure to deliver the luggage and certainly has no knowledge of the contents" and because the plaintiff "had the burden of proving the extent of the loss." *Id.* at 321, 150 A.2d 566. In *Hutchinson v. Culbertson*, 161 Pa.Super. 519, 55 A.2d 567 (1947), the plaintiff performed plumbing work for the defendants and submitted a bill for $163.00, which charge was raised to $175.06 in a later issued itemized bill. The defendants protested that the price of the work was too high and submitted a check for $100.00 which stated on the back "payment in full." The court held that the accord was valid because it was based on a bona fide dispute. It reasoned that, "There is no question that the work was done, nor is the workmanship questioned, but there was an argument as to the value of the

---

**3.** The discrepancy illuminated in note 2, supra, is reflected in the debtor's motion for partial summary judgment. The $13,488.04 figure has been adjusted to rectify the mistake.

services, a fact upon which reasonable minds could honestly disagree." *Id.* at 521, 55 A.2d 567.

■ Under the doctrine of accord and satisfaction a payee's attempt to obliterate from the back of a check language such as "payment in full" will not be effective, and the payee's inscription thereunder of an expression such as "all rights reserved" will likewise be useless. *Melnick*, 189 Pa. Super. at 322, 150 A.2d 566; *Hutchinson*, 161 Pa.Super. at 521, 55 A.2d 567.

■ The extent to which the doctrine of accord and satisfaction is still good law has been the subject of some notable discussion due to § 1–207 of the UCC, 13 Pa.Cons. Stat. § 1207. *See, e.g.* Gross and Goggin, *Accord and Satisfaction and the 1–207 Dilemma*, 89 Commercial Law Journal 537 (Dec., 1984). In Pennsylvania the statute provides as follows:

§ 1207. Performance or acceptance under reservation of rights

A party who with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as "without prejudice," "under protest" or the like are sufficient.

13 Pa.Cons.Stat. § 1207. The *Restatement (Second) of Contracts*, § 281, comment d (1981), the weight of scholarly comment and the case law weigh decidedly in favor of finding that § 1207 does not change the doctrine of accord and satisfaction. *See*, 89 *Commercial Law Journal* 537 (collecting authority). The consensus is that § 1207 merely provides an exception to the doctrine of accord and satisfaction in instances of disputes arising under one phase of ongoing contractual performance, where one party offered or demanded performance in some manner not provided in the contract although the other party expressly reserved his rights. We need not reach the question of the interaction of the doctrine of accord and satisfaction and § 1207 since the debtor merely obliterated the legend on the back of the check without expressly reserving any rights. Section 1207 requires an *"explicit* reservation of rights." § 1207 (emphasis added). Each of the examples offered there employs *words*, rather than nonlinguistic means of communication, such as the obliteration of the restricting language on a check, and thus the eradication is ineffective to trigger § 1207.

■ Having determined that § 1207 is irrelevant to the case before us, in the absence of bankruptcy the doctrine of accord and satisfaction would provide that the debtor's cashing of Terstep's check constituted payment in full due to language written on the reverse of the check. Under *Melnick* and *Hutchinson* the dispute between Terstep and the debtor on the possible excess charges arising under the $21,-265.00 billing would constitute sufficient consideration to support the accord.

■ The debtor asserts that the doctrine of accord and satisfaction cannot be applied to settle a disputed or unliquidated claim after the filing of a petition under the Code unless the court approves such a settlement after notice and a hearing. The debtor's position is amply supported by its reliance on Bankruptcy Rule 9019(a) which states:

"(a) Compromise. On motion by the trustee and after a hearing on notice to creditors, the debtor and indenture trustees as provided in Rule 2002(a) and to such other persons as the court may designate, the court may approve a compromise or settlement."

The case law upholds the clear meaning of the rule. *See, e.g., In Re Lloyd, Carr and Co.*, 617 F.2d 882, 885 (1st Cir.1980) (construing Bankruptcy Rule 919(a)[4] which is the precursor of Rule 9019(a)); *In Re Aweco*, 725 F.2d 293 (5th Cir.1984) (same), *cert. den.,* —— U.S. ——, 105 S.Ct. 244, 83

---

**4.** (a) Compromise. On application by the trustee or receiver and after hearing on notice to the creditors as provided in Rule 203(a) and to such other persons as the court may designate, the court may approve a compromise or settlement.

Bankruptcy Rule 919(a).

L.Ed.2d 182 (1984); *Bramham v. Nevada First Thrift* (In Re Bramham), 38 B.R. 459 (Bankr.D.Nev.1984); *In Re Marshall*, 33 B.R. 42 (Bankr.D.Conn.1983). As to the case before us, since there was no notice disseminated to creditors on the parties' intended entry into the accord, nor order approving such entry, the accord is invalid and no settlement or compromise was achieved due to the requirements of Bankruptcy Rule 9019(a).

On a related front, Terstep had hoped that the debtor's cashing of the check under examination would work a setoff of the debtor's prepetition obligations to it against its postpetition liability to the debtor. The Code thwarts that result on two grounds. First, the setoff of prepetition debts cannot be effected postpetition without relief from the automatic stay. 11 U.S.C. § 362(a)(7).[5] Second, a prepetition debt cannot be setoff against a postpetition obligation. *Cooper-Jarrett, Inc. v. Central Transport, Inc.*, 726 F.2d 93, 96 (3d Cir.1984). Nonetheless, at the trial on the remaining merits of the case we will allow Terstep to establish that any of the debtor's obligations to it arose postpetition and thus be subject to setoff.

With this review of the law, we must now address the propriety of entering relief on the cross motions for summary judgment. It appears that Terstep admits to owing the debtor $17,864.88 in postpetition charges less an amount up to $4,376.84 which is still in dispute. The debtor requests that we enter partial summary judgment in its favor for the net figure of $13,488.04 and proceed to trial on the remaining claim of $4,376.84. There are no disputed facts of record to bar the entry of such relief and it appears that none of Terstep's defenses are meritorious, so we will grant the debtor's motion for partial summary judgment. In its counterclaim Terstep requests relief for the debtor's failure to comply with the purported accord. Since the debtor was not legally obliged to comply with such a contract absent court approval, and, in fact, was barred from such compliance by the Bankruptcy Rules, no relief may be entered on the counterclaim. Consequently, summary judgment will be entered in favor of the debtor on the counterclaim. Thus, no portion of Terstep's motion for summary judgment has merit and it will be denied. We will enter an order to comport with this opinion.

---

**5.** (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3)), operates as a stay, applicable to all entities, of—

\*   \*   \*   \*   \*   \*

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor.

11 U.S.C. § 362(a)(7). This provision is subject to limitations not pertinent here. *See,* § 362(b)(6) and (b)(7) (as amended by Bankruptcy Amendments and Federal Judgeship Act of 1984).