In re ZERODEC MEGACORP,
INC., Debtor.

ZERODEC MEGACORP, INC.

v.

TERSTEP OF TEXAS, INC.

Civ. A. No. 85–2424.
Bankruptcy No. 82–005786.
Adv. No. 84–1173.

United States District Court,
E.D. Pennsylvania.

July 10, 1985.

Mark J. Packel, Philadelphia, Pa., for plaintiff.

Gary P. Lightman, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

Plaintiff, Zerodec Megacorp, Inc. (Zerodec), a petitioner for reoganization under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, brought an action in the bankruptcy court against Terstep of Texas, Inc. (Terstep) for payment of a debt incurred by Terstep after the date of the petition. The defendant denied any indebtedness to the plaintiff and raised an affirmative defense alleging a breach by the plaintiff of an accord and satisfaction alleg-

edly reached between the parties in settlement of their various disputes. The defendant also raised a counterclaim alleging that the plaintiff's filing of the suit constituted bad faith and eggregious conduct.

The plaintiff's and the defendant's claims were decided on cross motions for summary judgment. The bankruptcy court denied the defendant's motion and granted the plaintiff's motion in part. The court also granted, *sua sponte*, summary judgment to the plaintiff on the defendant's counterclaim. 47 B.R. 304. Terstep filed this appeal contending that there are material issues of fact which should have precluded the bankruptcy court's grant of summary judgment to the plaintiff. For the reasons which follow, we affirm the grant of summary judgment to the plaintiff on the defendant's counterclaim, but reverse the bankruptcy court's entry of partial summary in favor of the plaintiff and remand the case for further proceedings.

Zerodec is a manufacturer of glass reinforced cement for use in the building trades as an insulation material. Terstep's primary business comprises the installation of dry wall, acoustic and other interior specialty finishes. During the period of time relevant to this action, the parties maintained two distinct business relationships. First, Zerodec sold its products to Terstep directly. Second, Terstep acted, through a subsidiary, as a sales agent for Zerodec's products on a commission basis.

Zerodec filed a petition for reorganization under Chapter 11 on November 19, 1982. Prior to this date, it owed Terstep several thousand dollars.[1] After the petition was filed, Zerodec performed certain work for Terstep and billed it for $21,265.00. The parties later disagreed about certain freight charges that were included in the billing. They discussed a possible set-off of their respective liabilities. On March 20, 1984, Terstep sent Zerodec a check for $3,400.12. Terstep wrote on the back of the check:

Full and Final payment on all materials and services as of instant date. Endorsement and/or negotiation of check constitutes agreement to and acceptance of the foregoing.

Zerodec cashed the check obliterating the quoted language. It substituted no other language on the check.

The plaintiff commenced an action in the bankruptcy court to recover the balance of the $21,265. Terstep moved for summary judgment on both the plaintiff's claim and its own counterclaim primarily on the ground that the negotiations between the parties and the plaintiff's cashing of the check constituted an accord and satisfaction of their mutual indebtedness. The bankruptcy court denied the defendant's motion on the rationale that "since there was no notice disseminated to creditors on the parties' intended entry into the accord, nor order approving such entry, the accord is invalid and no settlement or compromise was achieved due to the requirements of Bankruptcy Rule 9019(a)." *In re Zerodec Megacorp, Inc.*, 47 B.R. 304, 308–09 (Bankr.E.D.Pa.1985).

Zerodec, in moving for summary judgment, argued that the defendant admitted its liability to the plaintiff. The bankruptcy court granted partial summary judgment reasoning that:

It appears that Terstep admits to owing the debtor $17,864.88 in postpetition charges less an amount up to $4,376.84 which is still in dispute. The debtor requests that we enter partial summary judgment in its favor for the net figure of $13,488.04 and proceed to trial on the remaining claim of $4,376.84. There are no disputed facts of record to bar the entry of such relief and it appears that none of Terstep's defenses are meritorious so we will grant the debtor's motion for partial summary judgment.

47 B.R. at 309. Summary judgment was also entered *sua sponte* for the plaintiff on the defendant's counterclaim on the rationale that since the court found that there was no valid accord and satisfaction, the counterclaim, based on the plaintiff's non-

---

1. The exact amount is not of record.

compliance with the terms thereof, could not be maintained.

On appeal, Terstep contends that the bankruptcy court erred in its grant of partial summary judgment to the plaintiff because the amount of postpetition credits to which Terstep is entitled is in dispute.[2] Furthermore, Terstep contends that the bankruptcy court should not have granted summary judgment in favor of the plaintiff on the defendant's counterclaim because such relief was not requested by the plaintiff.

In considering Terstep's first argument, it is important to note how the bankruptcy court arrived at the $13,488.04 figure upon which partial summary judgment was entered. As previously stated, Zerodec performed postpetition work for Terstep and billed it in the amount of $21,265.00. The bankruptcy court deducted from this amount the $3,400.12 check which Terstep sent Zerodec. The bankruptcy court also deducted $4,376.84 which it characterized as the only amount claimed by Terstep in postpetition charges, 47 B.R. at 307. Accordingly, the bankruptcy court entered partial summary judgment in favor of the plaintiff in the amount of $13,488.04 and directed that the case proceed to trial on the $4,376.84 claim. It is apparent that the bankruptcy court calculated the $4,376.84 figure by adding two credits claimed by Terstep in paragraph 16 of its answer and counterclaim. This paragraph states, in full:

16. The $3,400.12 settlement offer by Terstep to Zerodec was based, in part, upon the following credits which Terstep claimed:

(a) the sum of $1,245.00 for rent allegedly, but not in fact, incurred by Zerodec for storage of products relating to the City Center I project in Fort Worth; and

(b) the sum of $3,131.84 for freight charges incurred or allegedly incurred by Zerodec, but not related to, or otherwise properly chargeable to Terstep.

The bankruptcy court erred in finding that the only postpetition credits at issue were those asserted in paragraph 16 of Terstep's answer and counterclaim. Paragraph 16 states that the $3,400.12 settlement offer was based, *in part,* upon the two credits enumerated in subparagraphs (a) and (b). Thus, it is clear that there were other credits claimed by Terstep. The credits it claimed were set forth in detail by the company's president Gilbert L. Phillips, in an affidavit filed in support of Terstep's motion for summary judgment. The Phillips affidavit itemizes the credits claimed by Terstep, which, when setoff against the amount it owed Zerodec, resulted in its offer of $3,400.12 in settlement of their respective claims.

■ Zerodec contends that Terstep should not be permitted to argue, on appeal, that it is entitled to certain setoffs because in the proceedings before the bankruptcy court, "at no place in its pleadings or in the affidavit of Gilbert L. Phillips does defendant assert any right to setoff as a defense." [Brief of Appellee Zerodec Megacorp, Inc. at 7–8]. Zerodec mischaracterizes setoff as an affirmative defense for which a specific pleading is required. However, when a party asserts a right of setoff, it is asserting a permissive counterclaim. The record of the proceedings below shows that while Terstep did not affix the label of "setoff" to its pleadings, it pled sufficient facts to apprise Zerodec of this contention. Terstep attached to its answer and counterclaim as Exhibit A a letter from Phillips to Bob Berry, President of Zerodec, which lists the credits claimed by Terstep set off against the claims of Zerodec. As previously mentioned, the Phillips' affidavit also sets forth these figures.

---

2. As discussed, *infra,* the parties dispute whether Terstep's claims to various credits arose before or after Zerodec filed for bankruptcy. The distinction between prepetition and postpetition credits is important because as the bankruptcy court correctly noted, "the setoff of prepetition debts cannot be effected postpetition without relief from the automatic stay." 11 U.S.C. § 362(a)(7). 47 B.R. at 309. Moreover, "a prepetition debt cannot be setoff against a postpetition obligation." *Id.*

Furthermore, Zerodec litigated the case before the bankruptcy court as though Terstep had claimed a right of setoff. In its memorandum of law, Zerodec stated, "It is also apparent that defendant here seeks to setoff pre-petition claims against the Debtor against defendant's post-petition obligations to the Debtor-in-Possession." [Memorandum of Zerodec in Support of its Motion for Summary Judgment at 9]. It further stated that, "It is quite clear from the Affidavit of Mr. Phillips that the alleged settlement is simply the result of an improper setoff exercised by defendant (Phillips' Affidavit, ¶ 6)." *Id.* Terstep responded to these contentions in its reply memorandum. Since Zerodec, in the proceedings below, argued against Terstep's right of setoff, it cannot claim, on appeal, that Terstep cannot raise the issue of setoff.

When the Phillips affidavit is read in its entirety, it is clear that a material issue of fact exists as to whether the credits claimed by Terstep are prepetition or postpetition credits. While the bankruptcy court correctly held that there could be no valid accord and satisfaction, it was improper for the court to enter partial summary judgment in favor of Zerodec unless it could conclude that Terstep could claim no credits other than those claimed in its answer and counterclaim to setoff against its debt to Zerodec. The bankruptcy court seemed to recognize this when, after discussing the rule that the setoff of prepetition debts cannot be effected post-petition, it stated that, "Nonetheless, at the trial on the remaining merits of the case we will allow Terstep to establish that any of the debtor's obligations to it arose postpetition and thus be subject to setoff." 47 B.R. at 309. In view of Terstep's claims of postpetition credits as set forth in the Phillips affidavit, the bankruptcy court erred in granting partial summary judgment to the plaintiffs. We therefore reverse that order and remand the case for a determination as to when the credits claimed by Terstep arose.

The second issue raised by the defendant is that the grant of summary judgment on the counterclaim was error because it was not requested by the plaintiff. The great weight of authority dispenses with the formality of the filing of a cross-motion when there is 1) no genuine issue of material fact, 2) the party for whom summary judgment is entered is entitled thereto as a matter of law, and 3) the other party has had a full and fair opportunity to argue these two points. *See* 6 J. Moore, W. Taggert & J. Wicker, Moore's Federal Practice ¶ 56.12 (2nd ed. 1981) (and authorities cited therein). Having found accord and satisfaction was unenforceable as a matter of law, the bankruptcy court was well within its discretion in determining that conduct in violation of the alleged agreement was not actionable. Accordingly, we affirm the bankruptcy court's grant of summary judgment in favor of the plaintiff on the defendant's counterclaim.