RICHARD CELLUCCI *vs.* SUN OIL COMPANY OF PENNSYLVANIA. July 18, 1975. This matter is here for further review from the Appeals Court. The plaintiff's suit sought specific performance of an alleged purchase and sale agreement of certain land owned by the plaintiff which the defendant was to purchase as a site for a filling station. Notwithstanding that the defendant did not execute the agreement, the relief sought was granted by the trial judge on a theory of estoppel. The evidence was reported and the judge filed a report of material facts. The Appeals Court modified the final decree and affirmed it as modified in 2 Mass. App. Ct. 722 (1974). We agree with the action of the Appeals Court. Its opinion contains a full discussion of the facts and law which need not be duplicated here. Based on the judge's findings, an estoppel could lie as a result of misrepresentations of both fact and law by the defendant's agent, an employee who represented the company in real estate transactions in the area. The defendant contends that it cannot be bound by the agent's misrepresentations because the contract stated, and the plaintiff knew, that the agent lacked authority to commit the defendant to the contract. However, while the defendant might not have clothed the agent with authority to execute the contract, it placed him in a position of sufficient ostensible authority to negotiate it to the point where all that was

necessary was its formal execution. See *McQuade* v. *Springfield Safe Deposit & Trust Co.* 333 Mass. 229, 233 (1955); *Costonis* v. *Medford Housing Authy.* 343 Mass. 108, 115 (1961); Restatement 2d: Agency, § 54 (1958). Consequently, the defendant must be held responsible for the manner in which the agent conducted himself during those negotiations. *Haskell* v. *Starbird,* 152 Mass. 117, 120 (1890). Restatement 2d: Agency, § 8 A, comment b, § 261 (1958). Cf. *Bates* v. *Southgate,* 308 Mass. 170, 183 (1941). The defendant also objects to the modification of the final decree by the Appeals Court whereby the plaintiff is excused from obtaining various permits and licenses as conditions precedent. 2 Mass. App. Ct. 722, 734 (1974). However, the plaintiff did obtain the permit of principal importance: the gasoline storage permit. The securing of any further permits required the defendant's cooperation, which was not forthcoming although the plaintiff was ready and willing to perform his obligations. Further, there is nothing in the record to show that the defendant itself cannot obtain these permits. In these circumstances a decree for specific performance excusing the plaintiff from obtaining other permits is not inequitable. See *Rigs* v. *Sokol,* 318 Mass. 337, 345 (1945); Restatement: Contracts, § 374, comment a (1932). The interlocutory decree of the Probate Court is affirmed. In accordance with the opinion of the Appeals Court, the final decree of the Probate Court is to be modified to make clear that specific performance is not conditioned on anything other than tender by the plaintiff of such deed as is called for by the agreement within such time as the final decree specifies and to provide a $5,000 reduction in the purchase price. As so modified, the final decree is affirmed.

*So ordered.*

*Paul R. Sugarman* (*Charles E. Blumsack* with him) for the defendant.
*David H. Locke* (*A. Arnold Lundwall* with him) for the plaintiff.