**In re Robert TAYLOR, Debtor.**

**Bankruptcy No. 85–05620–H3–5.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

March 26, 1986.

Nelson T. Hensley, Houston, Tex., for debtor.

Thomas S. Henderson, Sheinfeld, Maley & Kay, Houston, Tex., for Bay Area Bank & Trust.

## MEMORANDUM AND ORDER FOLLOWING HEARING ON STATUS OF PROPOSED FILING OF MOTION TO COMPROMISE CONTROVERSY

LETITIA Z. TAITTE, Bankruptcy Judge.

Came before the Court on March 24, 1986, the proponents of an undisclosed but nonetheless proposed compromise of controversy. Such compromises are necessarily pursuant to Bankruptcy Rule 9019 and Local Bankruptcy Rule 9007.

The proponents were the Debtor who has sought the protection of the Bankruptcy Code, Mr. Robert Taylor, and Bay Area Bank and Trust, of which he is a former director, and with which he now seeks to effect a compromise.

The only documents presented to the Court were a request for expedited hearing and a "Motion to Compromise Controversy" which named no controversy and proposed no compromise. In utter disregard of any semblance of proper pleading, no compromise has ever been filed. See, e.g. *Compania Espanola de Petroleos v. Ner-*

 

*eus Shipping,* opinion by J. Medina, 527 F.2d 966, 967–8 (2nd Cir.1975). Indeed, the Court remains unaware of what controversy it is that the parties wish to compromise. The parties say only that they do not want the media to hear about their proceedings because publicity might trigger a run on the bank, in the wake of unfavorable publicity about an officer of the Bank, a Mr. Gene Quartermont, following a recent trial and conviction of Mr. Quartermont's son-in-law in the Southern District of Texas, Judge DeAnda presiding.

The parties requested that they be permitted to present their proposed compromise *in camera,* without filing it or notifying creditors of its contents.

The Fifth Circuit has addressed the issues which are to be considered in approving a Compromise of Controversy in a Bankruptcy matter, in *Rivercity v. Herpel,* 624 F.2d 599, (5th Cir.1980) These include the nature of the controversy, the length of time it might take to try, and the possible benefits of settlement to creditors.

The secrecy in which the proponents have chosen to shroud this proceeding has left the creditors, and to date the Court, unable to make any of these determinations.

The proponents had no authority to offer for their suggested gag order or *in camera* proceedings. No question of national security is involved. The contents of the compromise must naturally be as well the contents of the as yet unfiled lawsuit. It is extraordinary for the parties to suggest that *facts* involving their activities are "defamatory." The proponents have mentioned that they fear a run on the bank, but have not troubled to bring before the Court the FDIC, which might properly speak to such a concern. The Court ordered that briefs on the request for secrecy be filed by March 31, 1986. The Court has previously ordered that the proposed compromise, if any, be filed by March 31, 1986; that any objections by creditors be filed by April 14, and that a hearing be held on the proposed compromise on April 17, 1986.

No argument or authorities supporting a gag order or *in camera* proceedings having been shown, and no compromise having been disclosed upon the record, the Court finds no basis for changing the above dates. They remain effective. It is so ordered.