**In re MASTERS, INC., Debtor.**

**Bankruptcy No. 891–80703–478.**

United States Bankruptcy Court,
E.D. New York.

June 8, 1992.

**14**

Kaye, Scholer, Fierman, Hays & Handler, New York City, for the debtor

Parker Chapin, Flattau & Kliml, Special Litigation Counsel by Philip Kalban, Barry J. Brett, New York City.

Cohn, Roitman & Kelakos by A. Davis Whitesell, Boston, Mass., for Frank Saccurato, Jr.

Otterbourg, Steindler, Houston, & Rosen by Morton Gitter, New York City, for the Official Creditors' Committee.

## DECISION ON DEBTOR'S MOTION TO EXPUNGE OR REDUCE CLAIM NO. 663 OF MARS STORES, INC.

DOROTHY EISENBERG, Bankruptcy Judge.

### I. FACTS AND BACKGROUND

This matter comes before this Court because the Debtor, Masters, Inc. ("Debtor"), is objecting to the allowance of an unliquidated claim in excess of five million ($5,000,000) dollars filed by Mars Stores, Inc. ("Mars"), represented here by the creditor's trustee ("Creditor") who was appointed pursuant to the Plan of Reorganization in the Mars' Chapter 11 bankruptcy case. That case had been confirmed in March of 1991 in Massachusetts. The Debtor seeks to disallow all but $425,000 of the claim based upon a prior settlement agreement reached during the trial of an adversary proceeding based on the very same facts and issues in Mars' Chapter 11 case. Mars' case and the adversary proceeding were conducted before the Honorable James N. Gabriel in the United States Bankruptcy Court for the Eastern District of Massachusetts. A settlement agreement was reached in open court after two full days of trial in the Massachusetts adversary proceeding which was initially commenced by this Debtor in the Mars Chapter 11 case in which Mars counterclaimed for the exact same relief sought in the claim presented to this Court. Subsequent to the settlement on the record, and before any written order or judgment was entered, Judge Gabriel died.

There is no dispute that the issues underlying the Creditor's instant claim were raised in the Mars bankruptcy case. In fact, they were the subject of a trial in an adversary proceeding before the Massachusetts court on three separate days in late 1990. On December 18, 1990, the third trial day, the parties reached a settlement which was placed on the record.

The settlement that Judge Gabriel placed on the record stated that Masters would withdraw its $2,700,000 claim and a small administrative claim, withdraw its objection to substantive consolidation of the various debtors' Chapter 11 cases, withdraw any objection to confirmation and would pay to Mars the sum of $425,000. (*See* the December 18, 1990 transcript). In addition, Judge Gabriel released a letter of credit which Debtor had placed at the beginning of the adversary proceeding.

The parties' confirmation of the settlement agreement was similarly placed on the record:

THE COURT: Now, does that touch upon all of the points that need to be touched upon with reference to the overall settlement of the adversary proceeding as well as the release of the letter of credit? Have I put everything on the record that we need for today's purposes?

MR. BRETT: I believe you have, Your Honor. Thank you.

THE COURT: Are you satisfied counsel?

MR. WHITESELL: Yes, Your Honor....

Lines 24–25 of page 6 and Lines 1–8 of page 7 of the December 18, 1990 transcript.

The record further reflects that counsel for Mars undertook to prepare and circulate a stipulation and order. The Judge asked that the stipulation and order be sent to the service list, which he called the short list. Mars did not prepare the stipulation and order at that time, and the $425,000 was not paid. A few months later, Masters filed its Chapter 11 petition in this Court.

The Creditor argues that the settlement was not final because: (1) the settlement was not reduced to a written order approved by the Massachusetts court; (2) the notice directed by the court was never put into written form and circulated as directed by the judge; and (3) this Debtor did not pay the $425,000 settlement proceeds prior to the filing of its own Chapter 11 petition and full payment of said $425,000 was required for the settlement to be deemed final. This Court finds that the settlement in the Massachusetts case was final, valid and enforceable for the following reasons.

## II. STANDARDS AND AUTHORITIES

"A settlement agreement is a contract which must be interpreted and enforced in accordance with relevant principals of contract law." *In re Paolino*, 85 B.R. 24, 29 (Bankr.E.D.PA.1988) (citing *Green v. John H. Lewis & Co.*, 436 F.2d 389 (3rd Cir. 1970). In order to determine whether a settlement agreement is binding on the parties to the settlement, a federal court must turn to state law. *See Royal Bank and Trust Company v. Pereira (In re Lady Madona Industries, Inc.)*, 76 B.R. 281 (Bankr.S.D.N.Y.1987). Accordingly, as the instant settlement occurred in Massachusetts, the law of the Commonwealth of Massachusetts applies.

### A. The Requirement of an Executed Writing

In Massachusetts, "[O]ral agreements made by attorneys in open court have been held enforceable." *Beauregard v. Dailey*, 1 N.E.2d 481, 294 Mass. 315 (1936). Similarly, stipulations made in open court by the parties or their attorneys have been held to be binding on the parties. *See Dominick v. Dominick*, 463 N.E.2d 564, 18 Mass.App. 85 (1984).

■ Under Massachusetts law, a settlement entered into in open court may be valid despite the fact that there is no subsequent writing to memorialize the agreement. *See Hubbard v. Peairs*, 509 N.E.2d 41, 24 Mass.App.Ct. 372 (1987). A distinction may be made between "oral agreements which become effective only upon their reduction to executed writings, and those which are effective upon utterance, with later writings expected but not crucial to enforceability." *Id.* 509 N.E.2d at 45. The Creditor argues that the instant settlement is of the kind which is not effective until reduced to an executed writing.

■ However, there is nothing in the record which suggests that the settlement agreement placed on the record in the Massachusetts court was anything but final. Nor is there any indication in the record that the settlement was conditioned on the occurrence of some future event. In fact, Judge Gabriel expressed on the record his appreciation to the parties for their efforts to "amicably resolve this matter." Line 2, page 9 of the December 18, 1990 transcript. Accordingly, this Court finds that the instant settlement is of the kind which is effective upon utterance.

### B. The Notice Directed by the Massachusetts Court

■ The Creditor argues that the settlement placed on the record in the Massachu-

setts Court was to become effective only after notice pursuant to Bankruptcy Rule 9019 and final approval by the Massachusetts Court. This Court disagrees and finds that Rule 9019 is inapplicable in this instance. Bankruptcy Rule 9019(a) provides: "On *motion* by the trustee and after a hearing on notice to creditors, the United States Trustee, the debtor and indenture trustees as provided in Rule 2002 and to such other entities as the court may designate, the court may approve a compromise or settlement." Bankruptcy Rule 9019. (Emphasis added).

The clear purpose of Rule 9019 is to prevent the making of concealed agreements which are unknown to the creditors and unevaluated by the court. The instant settlement agreement was not made by motion to the court without notice to appropriate parties. The settlement agreement was made during the trial of an adversary proceeding, on the record in open court, and with all relevant parties present and assenting. In fact, it was made with the prior knowledge and consent of the Creditors' Committee. It was clearly an open court settlement, not an out of court settlement.

■ The notice directed by the Massachusetts Court was merely intended to advise interested parties of the agreement which had taken place that day rather than, as the Creditor suggests, to afford additional time within which to object. Such notice serves to allow "parties in interest" to monitor the administration of a bankruptcy case. However, the opportunity broadly afforded all "parties in interest" to monitor the administration of a bankruptcy case through the provision of notice under Bankruptcy Rule 2002(a)(3) does not confer the status of "party" with rights to appeal the result of an adversary proceeding. *See In re Christina Thompson*, 965 F.2d 1136 (1st Cir.Mass.1992). All parties to the instant settlement with standing to object, and to appeal an adverse ruling by the Massachusetts court on such objection to the settlement, were in court and had, in fact, consented to the settlement. Thus,

the notice directed by the Massachusetts court cannot be construed to impose a condition precedent on the finality of the instant settlement.

The commentary to Bankruptcy Rule 9019 suggests that the standing accorded 'parties in interest' under Bankruptcy Rule 2002 is circumscribed. First, motions to compromise are to be 'filed in the administrative file, as distinguished from the adversary proceeding file, if the compromise comes about in the context of an adversary proceeding.' *William L. Norton, Jr., Norton Bankruptcy Law and Practice: Rules and Official Forms* 845 (1990–91 ed.) (Fed.R.Bankr.P. 9019, editors' comment).

*In re Christina Thompson*, 965 F.2d 1136 (1st Cir.Mass.1992), *supra.*

The commentary thus suggests that the right to notice normally accorded all 'parties in interest' under Bankruptcy Rules 2002(a)(3) and 9019(a) does not entail party status in the adversary proceeding to be settled or compromised. Second the general notice requirement under Bankruptcy Rule 2002(a)(3) is not absolute, but can be dispensed with 'for cause shown.' *See In re Patel*, 43 B.R. 500, 503–04 (N.D.Ill.1984).

*In re Christina Thompson, supra.* Quite simply, the approval by subsequent potential objectors is, in this instance, superfluous and unnecessary.

### C. *Compliance with the Settlement Terms*

■ As with the terms of the settlement agreement, the circumstances surrounding the settlement do not suggest that the settlement was anything other than final. In addition to having the settlement placed on the record, the parties took immediate steps obviously based upon the conclusion that the settlement agreement was final and binding. The Debtor waived its general unsecured and administrative claims and immediately withdrew its objection to substantive consolidation of the Massachusetts bankruptcy case. The latter was set forth clearly on the record:

THE COURT: And Masters' objection: Do you, on the record, withdraw your objection to substantive consolidation?

MR. BRETT: We do so. Yes Judge.

THE COURT: Thank you.

So, that is on the record, and it will be entered on the docket that there was an oral withdrawal of the objection to substantive consolidation, and the Court will act on the motion for substantive consolidation.

Any other loose ends, before I continue the confirmation hearing?

MR. BRETT: None, Your Honor.

MR. WHITESELL: No, Your Honor.

Lines 18–25, page 7 and lines 1–6, page 8 of the transcript.

In further support of this Court's finding that the settlement placed on the record in the Massachusetts court was intended to be final and binding was the fact that the presiding judge released a letter of credit which had been outstanding since the inception of the adversary proceeding:

THE COURT: I am allowing the application for an order modifying the Court's prior order relieving Masters of the obligation to maintain a letter of credit issued for the benefit of the debtors. I'm reading directly from the application which you have filed. I am allowing that; so that by Court order I am allowing the release of the letter of credit. I don't know whether the institution issuing the letter of credit needs anything other than the order of the Court, of course the debtor will please provide Masters with whatever the institution requires.

Lines 16–25, page 5 and Lines 1–3, page 6 of the December 18, 1990 transcript. The removal of the letter of credit had the effect of removing the security that Debtor had provided to Mars for payment of any debt it might owe.

The only substantial duty imposed by the settlement which remained to be carried out subsequent to the date of the oral settlement agreement which was not carried out was the payment of the $425,000 settlement proceeds by the Debtor. The Debtor's immediate compliance with the other terms of the settlement on the date of the settlement agreement resulted in the now non-revocable order of confirmation of Mars. Having received many benefits of its bargain, it appears to this Court that the Creditor is now equitably estopped from denying that the settlement was final in all respects.

■ The creditor alternatively argues that the settlement takes the form of an executory contract. However, "a contract is not executory where the only obligation of a party to a contract is the payment of money." *In re Leibinger–Roberts, Inc.*, 105 B.R. 208, 212–13 (Bankr.E.D.N.Y.1989) (citing *In re Chateaugay Corp.*, 102 B.R. 335, 344–45 (Bankr.S.D.N.Y.1989)). This Court finds that this settlement agreement is presently non-executory since the only obligation remaining is that of this Debtor to pay Mars for its allowed claim.

## IV. CONCLUSION

The Court has jurisdiction to entertain this motion pursuant to 28 U.S.C. § 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (O).

This Court finds that the parties now before this Court had acknowledged and accepted the terms of the settlement placed on the record in the Massachusetts bankruptcy case. There is nothing to support a finding by this Court that the settlement agreement was conditioned on the payment of the full amount of $425,000 by Masters to Mars. Immediate actions were taken on the record which supports the understanding by both parties and the Massachusetts Court that the settlement was final. Subsequent notice, or lack thereof, had no bearing on the finality of the settlement and further approval by the Massachusetts court was unnecessary. The written order or judgment that could have been presented to the Judge for his signature was a mere ministerial act. The lack of the written order or judgment does not invalidate the settlement. This Court finds that the settlement entered into between the parties on December 18, 1990 and placed on the record was final, valid and enforceable.

The only duty imposed on the part of the Debtor by the stipulation of settlement which was not carried out was the payment of the $425,000 settlement proceeds. The Creditor has not produced any evidence that the Debtor did not act in good faith at the time of the settlement agreement. Unfortunately, now that the Debtor is in its own Chapter 11 reorganization, the Debtor's obligation to pay $425,000 to Mars is now no more than an unsecured debt.

In light of the foregoing, the objection by the Debtor to the Creditor's claim is granted and said claim is hereby reduced to a general unsecured claim against the Debtor's estate in the amount of $425,000.

SUBMIT ORDER.