Judith **CADRIN**, Plaintiff,

v.

**NEW ENGLAND TELEPHONE AND TELEGRAPH COMPANY,**
Defendant.

**Civ. A. No. 87–0083–GN.**

United States District Court,
D. Massachusetts.

Aug. 6, 1993.

---

Robert Weihrauch, Worcester, MA, for plaintiff.

William J. McDonald and Pamela A. Smith, Boston, MA, for defendant.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Pending before the Court is the motion of defendant, New England Telephone and Telegraph Company ("NET"), for summary judgment with respect to Counts 2, 4 and 6 of the Amended Complaint ("the Complaint") of plaintiff, Judith Cadrin ("Cadrin").[1] In Count 2 of the Complaint, Cadrin alleges that NET breached specific terms of her employment contract; in Count 4, she contends that NET invaded her privacy in violation of M.G.L. c. 214, § 1B; and in Count 6, she alleges that NET violated Section 510 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140.

### A. ERISA CLAIM

The Court concludes that there are genuine issues of material fact as to whether Cadrin was constructively discharged, i.e., whether her new working conditions were so difficult or unpleasant that a reasonable person in her situation would have felt compelled to resign. *Aviles–Martinez v. Monroig*, 963 F.2d 2, 6 (1st Cir.1992). Furthermore, assuming there was a constructive discharge, the Court concludes that genuine issues of material fact exist as to whether NET discharged Cadrin with the specific intent of interfering with her rights under NET's benefits plan. *Biggins v. Hazen Paper Co.*, 953 F.2d 1405, 1416 (1st Cir.1992), *vacated on other grounds*, —— U.S. ——, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993). NET's motion for summary judgment with respect to Count 6 of the Complaint will therefore be denied.

1. The Court dismissed the remaining Counts of the Complaint on April 29, 1988.

## B. INVASION OF PRIVACY

■ The Court similarly concludes that there are genuine issues of material fact as to whether any intracorporate communications at NET relating to Cadrin's lung cancer violated plaintiff's right to privacy under M.G.L. c. 214, § 1B. The disputed material facts include: 1) whether Cadrin's lung cancer was a private fact, 2) if so, whether there was an intracorporate disclosure of that fact, and 3) if so, whether NET had a "substantial and valid interest" that would permit disclosure of that fact. *Bratt v. Intern. Business Machines Corp.*, 392 Mass. 508, 467 N.E.2d 126, 133–137 (1984). Thus, NET's motion for summary judgment with respect to Count 4 of the Complaint will also be denied.

## C. BREACH OF CONTRACT

Cadrin contends that NET's Personnel Practices and Wage Tables manual (the "Blue Book") forms the basis of an express or implied contract between NET and Cadrin, and that NET breached that contract when it refused to honor her request for a lateral transfer. The First Circuit, on two recent occasions, addressed the issue of when an employer handbook or manual can form the basis of an express or implied contract under Massachusetts law. *See Pearson v. John Hancock Mut. Life Ins. Co.*, 979 F.2d 254 (1st Cir.1992); *Biggins*, 953 F.2d 1405.

■ Relying on the decision of the Supreme Judicial Court of Massachusetts in *Jackson v. Action for Boston Community Development, Inc.*, 403 Mass. 8, 525 N.E.2d 411 (1988), the First Circuit asserted:

> [I]n order to determine whether the terms of an employer's personnel manual or kindred document constitutes a binding contract, an inquiring court must consider whether or not the manual's terms were (1) unilaterally modifiable, (2) merely hortatory, (3) negotiated in a particular instance, (4) specially emphasized by the employer, (5) seasonably accepted by the employee, and (6) characterizable as specifying some period of employment (or, alter-

natively, some definitive limit on the otherwise fluid nature of at-will employment). *Pearson*, 979 F.2d at 256. Although the inquiry is to specific circumstances, a plaintiff alleging that a personnel manual forms the basis of an express or implied contract must "establish all of the elements ordinarily necessary for the formation of a contract. . . ." *Biggins*, 953 F.2d at 1422.

In *Biggins*, the First Circuit reversed the district court's denial of defendant's motion for judgment n.o.v. because Biggins presented no evidence that: 1) he negotiated over the terms of the manual, 2) he manifested assent to the terms of the manual or 3) defendant called special attention to the manual.

■ Similarly, in the case at bar, Cadrin has presented no evidence that she negotiated over the terms of the Blue Book or that she manifested assent to its terms. To the contrary, she stated in her deposition: "We have no input to the contract at all." (Cadrin Deposition, Vol. II at 99). Cadrin has submitted an affidavit stating that her supervisor, on an annual basis, would distribute a copy of the Blue Book or a supplement thereto in years when it was not republished in its entirety. Aside from the yearly distribution, Cadrin points to no other special attention drawn to the Blue Book.

Moreover, Cadrin has not proffered any evidence to rebut the affidavit of Area Operations Manager, Miriam Dahlstrom, submitted by NET, in which Dahlstrom states that NET has "in the past unilaterally and substantially amended the blue book." Furthermore, Cadrin has pointed to nothing in the Blue Book specifying any term of employment. In short, Cadrin has failed to "establish all of the elements ordinarily necessary for the formation of a contract. . . ." *Id.*[2]

■ Cadrin's fall-back position is that even if the Blue Book created no express or implied contract, she may nonetheless prevail on an estoppel theory. To succeed on an estoppel claim under Massachusetts law, a

---

**2.** It is unclear whether Cadrin is arguing, in the alternative, that, even if the Blue Book does not change her employee-at-will status, it creates certain contractual rights, e.g., the right to a lateral transfer. If she is making such an argument, it is to no avail, because the First Circuit expressly rejected that argument in *Pearson*. 979 F.2d at 257–258.

plaintiff must prove three elements: 1) a representation or conduct amounting to a representation intended to induce a course of conduct on the part of the person to whom the representation is made, 2) an act or omission resulting from the representation, whether actual or by conduct, by the person to whom the representation is made and 3) detriment to such a person as a consequence of the act or omission. *Presto v. Sequoia Systems, Inc.*, 633 F.Supp. 1117, 1120 (D.Mass.1986); *Cellucci v. Sun Oil Co.*, 2 Mass.App.Ct. 722, 320 N.E.2d 919, 923 (1974), *aff'd*, 368 Mass. 811, 331 N.E.2d 813 (1975). In the case at bar, Cadrin has failed to make any showing of detrimental reliance, and therefore, her estoppel theory also fails.

## ORDER

For the foregoing reasons, it is hereby ordered that the motion of defendant, New England Telephone and Telegraph Company, for summary judgment is allowed, in part, and denied, in part. With respect to Count 2, the motion is ALLOWED. With respect to Counts 4 and 6, the motion is DENIED.