8 F.3d 28
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re MARANATHA MINING COMPANY, Inc., Debtor.
MARANATHA MINING COMPANY, INC.; Petitioning Creditors;
Michael McCarty, Chapter 7 Trustee, Appellants,
v.
The HEALY GROUP; The Linkem Group; John Sloan; All
American Homes; Horan Co., Inc.; United States
Trustee; Weyerhaeuser Company, Appellees.
 Nos. 92-35166, 92-35168, 92-35171.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 2, 1993.
Decided Sept. 21, 1993.
 
 Before: WRIGHT, BEEZER and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Several unsecured creditors (the "petitioning creditors") of Chapter 7 debtor Maranatha Mining Company appeal the Bankruptcy Appellate Panel's ("BAP") dismissal of an appeal from the bankruptcy court's July 10, 1990 order approving a sale of substantially all the debtor's assets (722 acres of real property) to the Healy Group. The petitioning creditors ask this court to overturn the sale and return the property to the bankruptcy estate, apparently so that the estate may attempt to sell the property for a price greater than that which the Healy Group paid for it.
 
 
 3
 Debtor Maranatha originally initiated this appeal, in which the petitioning creditors intervened; however, as discussed below, Maranatha individually is no longer a party to this appeal, and instead is represented only by the Chapter 7 trustee. The trustee opposes the petitioning creditors' position, and thus, the creditors are now the only parties prosecuting this appeal. The Linkem Group cross-appeals seeking damages, attorney's fees and costs.
 
 
 4
 The Bankruptcy Appellate Panel had jurisdiction over these three consolidated appeals under 28 U.S.C. § 158(b). This court has jurisdiction under 28 U.S.C. § 158(d). We dismiss the appeal.
 
 I.
 
 5
 We first note that we need not address the single issue decided by the BAP--whether Maranatha's pro se notice of appeal was proper--because Maranatha is no longer a party to this appeal.
 
 
 6
 Following the September 21, 1992 decision of a motions panel of this court to grant the trustee's stipulated motion to dismiss the Healy Group from appeal No. 92-35166, Maranatha moved for "clarification, reconsideration or realignment of the parties." The same motions panel denied that motion on November 6, 1992, and in doing so stated that the "debtor is not a party to these appeals independently of the estate, which is represented by the trustee, because the debtor's appeal challenges the sale of property of the estate." Maranatha has not contested this ruling, but we nonetheless believe it prudent to clarify at this juncture why the ruling is correct.
 
 
 7
 Under 11 U.S.C. § 541(a)(1), property of a bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the [bankruptcy] case." Under section 541(a)(7), property of the estate also includes interests acquired after the filing of bankruptcy. This court has held that the definition of estate property is broad, and includes causes of action. Sierra Switchboard Co. v. Westinghouse Electric Corp., 789 F.2d 705, 707 (9th Cir.1986). Thus, Maranatha's interest in the present appeal, which began after it filed for bankruptcy, clearly is property of the estate.
 
 
 8
 Once appointed, a bankruptcy trustee becomes the representative of the estate, 11 U.S.C. § 323(a), and succeeds to the debtor's right to pursue causes of action which are the property of the estate. See Delgado Oil Co., Inc. v. Torres, 785 F.2d 857, 860 (10th Cir.1986) (bankruptcy trustee succeeds to any right of action debtor corporation may have to recover damages from misconduct, mismanagement or neglect by corporate officers or directors); In re Alcala, 918 F.2d 99, 102 (9th Cir.1990) (causes of action which accrued before Chapter 7 petition filed are part of the estate vested in the trustee); Folz v. Bancohio Nat'l Bank, 88 B.R. 149, 150 (S.D.Ohio 1987) (causes of action constitute property rights vested solely in bankruptcy trustee); cf. Matter of Fondiller, 707 F.2d 441, 442 (9th Cir.1983) (a hopelessly insolvent debtor does not have standing to appeal orders affecting size of the estate because such orders would not diminish the debtor's property, increase his burdens, or detrimentally affect his rights). The motions panel therefore correctly concluded that Maranatha is no longer a party to this appeal independent of the estate, which the trustee controls. Because Maranatha is no longer a party, we only address the claims of the petitioning creditors.
 
 II.
 
 9
 The petitioning creditors' main contention is that the bankruptcy court's July 10, 1990 order should be reversed for lack of sufficient notice. It is undisputed that the petitioning creditors did not receive individual notice of the July 10, 1990 hearing at which the bankruptcy court approved the modified sale terms.
 
 
 10
 The bankruptcy code provides that sales of estate property other than in the ordinary course of business (as was the sale in this case) may occur after "notice and a hearing." 11 U.S.C. § 363(b)(1). Section 102(1) of the code specifies that the notice and hearing requirement "means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances."
 
 
 11
 We have considered all of the petitioning creditors' arguments with respect to the notice issue in this appeal and conclude that notice was adequate. We rest our conclusion on the undisputed fact that counsel for the official unsecured creditors committee, Martin Snodgrass, did receive notice of the key July 10, 1990 hearing, and sent an associate of his firm, John Farver, to represent the committee at the hearing. The record reveals that Farver signed the July 10, 1990 order on behalf of the unsecured creditors committee.
 
 
 12
 Case law supports our conclusion. In Southern Ry. Co. v. Johnson Bronze Co., 758 F.2d 137 (3d Cir.1985), the court held that notice of the sale of a debtor's property was adequate where the official unsecured creditors committee received notice and where the complaining unsecured creditor had not filed with the court a request that it receive all notices. Id. at 140-41; see Bankruptcy Rule 2002(i); see also Buffington v. First Service Corp., 672 F.2d 687, 689-90 (8th Cir.1982) (per curiam). In the present case, no evidence suggests that the petitioning creditors were unaware that the court had authorized an unsecured creditors committee to represent the creditors or that the petitioning creditors filed any requests that they receive all notices. In addition, this court held in a case involving the validity of a compromise arrangement negotiated between a debtor and its major creditor that notice of a proposed sale, compromise or settlement to an authorized creditors committee and to any creditors who file requests to receive all notices, rather than to all creditors, is adequate. In re Southland Supply, Inc., 657 F.2d 1076, 1081 (9th Cir.1981) (citing Bankruptcy Rule 11-24, predecessor to Rule 2002). The court particularly noted in Southland that attorneys for the creditors committee signed the order approving the final arrangement on behalf of the committee, id.--a fact we deem analogous to Farver's signing of the July 10 order in this case.
 
 
 13
 Furthermore, the fact that the petitioning creditors did not have separate representation at the time of the sale supports our determination that notice to the official creditors committee was sufficient. Cf. In re Masters, Inc., 149 B.R. 289, 293 (E.D.N.Y.1992) (where individual creditors have separate representation, notice to creditors committee does not waive notice to individual creditors who are on service list). Finally, we note that the petitioning creditors do not contend that the committee failed to fulfill its fiduciary obligations to the creditors; thus, we see no basis for questioning the adequacy of the committee's representation of the creditors. Cf. In re Harris Management Co., Inc., 791 F.2d 1412, 1415 (9th Cir.1986) (notice requirement of Bankruptcy Rule 6006(c) satisfied where creditors committee notified of intended assumption of contract and no serious contention made that committee failed in its fiduciary obligation to creditors).
 
 III.
 
 14
 Though this matter perhaps has dragged on much longer than it should have, we decline to exercise our discretion under Federal Rule of Appellate Procedure 38 to award damages or costs to the Linkem Group, the Trustee or the Healy Group.
 
 
 15
 Because we conclude that notice to creditors of the July 10, 1990 hearing was adequate and dismiss this appeal on that basis, we need not address the remaining issues raised in the parties' briefs. The bankruptcy court's July 10, 1990 order is AFFIRMED and the appeal is DISMISSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3